IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LESLIE E. RAYMOND                                                                                          PETITIONER
a/k/a JAMES A. KENNEDY, III

      V.                         Civil No. 2:18-cv-02109-PKH-MEF

DAN SHUE, Prosecuting Attorney,                                                                    RESPONDENTS
LINDA WARD, Chief Deputy Prosecuting Attorney,
DENORA D. COOMER, Sebastian County
Circuit Court Clerk, a/k/a Jane/John Doe,
V. HENRY, Deputy Clerk,
RACHEL J. SIMS, District Court Clerk

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for Writ of Habeas Corpus pursuant to the "All Writs Act," 28 U.S.C. § 1651, filed by Petitioner, Leslie E. Raymond a/k/a James A. Kennedy, III ("Raymond") on June 26, 2018. (ECF No. 1). Respondent, Denora D. Coomer, filed a Response to Petition on July 18, 2018. (ECF No. 9). Separate Respondents, Dan Shue and Linda Ward, filed a Motion to Dismiss on July 20, 2018. (ECF No. 10). Petitioner filed a Response to Dismissal Request on August 27, 2018. (ECF No. 11). Supplements to Petitioner's Response to Dismissal Request were subsequently filed on September 4, 2018 (ECF No. 12), September 10, 2018 (ECF No. 13), and September 17, 2018 (ECF No. 15). The matter is ready for Report and Recommendation.

### I. Background

Raymond is a federal prisoner at the Loretto Federal Correctional Institution in Loretto, Pennsylvania serving a sentence imposed by the United States District Court for the Northern District of Ohio. (ECF No. 1, pp. 1, 2).

On June 26, 2018, Raymond filed his *pro se* Petition for a Writ of Habeas Corpus (the

"Petition") in this Court. (ECF No. 1). The Petition essentially raises one ground for relief: that an active warrant issued by the Prosecuting Attorney for Sebastian County, Arkansas, charging Raymond with theft of property, prevents him from participating in Bureau of Prisons ("BOP") community re-entry, rehabilitation, and vocational programs. (ECF No. 1, pp. 2, 3). Raymond contends his due process and speedy trial rights have been violated by the Respondents' refusal to extradite him, to allow him to plead in absentia, and to allow the filing in state court of his challenges to the warrant. (ECF No. 1, pp. 3-5). It is unclear from the Petition itself what relief Raymond is seeking in this action, but a liberal reading of his *pro se* pleading suggests that he seeks the immediate resolution of the Sebastian County charge against him, including by way of a writ of mandamus directing the Circuit Clerk to accept and file Raymond's submissions to the Circuit Court of Sebastian County, Arkansas challenging the arrest warrant.[1]

      Separate Respondent, Denora Coomer ("Coomer"), the Circuit Clerk of Sebastian County, Arkansas, filed her Response to the Petition on July 18, 2018. (ECF No. 9). Coomer denies that she, or any Sebastian County official or employee, has custody of Raymond, or that she could either order or effect his release. (ECF No. 9, ¶¶ 2-3). To the extent that Raymond's Petition is construed as one for a writ of mandamus, Coomer contends there is no allegation that this Court possesses jurisdiction over the matter that Raymond seeks to have filed by Coomer. (ECF No. 9, ¶ 5). Coomer also alleges that she is not in possession of the documents Raymond sought to file; that Raymond provides no legal authority to support his claim that Coomer be directed by this Court to file pleadings which are

---

[1] In his Amendment/Clarification/Supplement of Pleadings filed on September 10, 2018, Raymond confirms that he is not seeking habeas relief, but instead, "this is an action requesting that this Court order the pleadings be accepted for filing and actually heard by a judge of jurisdiction," to "let a judge rule on the case at a state level." (ECF No. 13, pp. 5-6).

neither in her possession nor associated with an existing case; and, that she is shielded by sovereign immunity. (ECF No. 9, ¶¶ 7-9).

On July 20, 2018, the Separate Respondents, Dan Shue ("Shue"), Sebastian County Prosecuting Attorney, and Linda Ward ("Ward"), Sebastian County Chief Deputy Prosecuting Attorney, filed their Motion to Dismiss the Petition. (ECF No. 10). They acknowledge that an arrest warrant was issued in 2003 authorizing Raymond's arrest for felony theft of property, but they contend habeas corpus is not a remedy available to Raymond under the facts of this case; that this Court has no jurisdiction to issue a writ of mandamus to compel state officials to act in a particular manner; and, that Raymond's claims against them are barred by the doctrines of prosecutorial immunity, sovereign immunity, and qualified immunity. (ECF No. 10, ¶¶ 1-4).

Raymond filed a Response to Dismissal Request on August 27, 2018, in which he reiterates his argument that he is trying to get the arrest warrant resolved "for the sake of being able to participate in needed FBOP programs and re-entry stuff so I can be a success when I get out." (ECF No. 11, p. 1).

A pleading entitled Supplemental Information for Consideration was filed by Raymond on September 4, 2018, to which he attached various documents in support of his Petition. (ECF No. 12). These documents include, *inter alia*, copies of letters of commendation from prison officials; pleadings sent by Raymond to the Sebastian County Circuit Clerk to challenge the arrest warrant; and, letters to, and responses from, Arkansas officials regarding Raymond's efforts to resolve the outstanding arrest warrant.

An Amendment/Clarification/Supplement of Pleadings was filed by Raymond on September 10, 2018. (ECF No. 13). He asked that two additional individuals, Deputy Clerk V. Henry and

District Court Clerk Rachel J. Sims, be added as named Respondents in this action. (*Id*. at pp. 1, 10). He alleges that "without this warrant being adjudicated or dismissed (even without prejudice), I won't be eligible for a halfway house," and "preparation for the re-entry programs, is something I need." (*Id*. at p. 2, 3). He argues his right to due process and to petition the government for the redress of grievances and states that, "I have grievances and should have the right to have a judge of that jurisdiction, hear it." (*Id*. at pp. 4-5). He further alleges "[t]he clerks rejected my filings and therefore, they violated my rights to due process and to access to the courts." (*Id*. at p. 5). As noted above, Raymond confirms that "[h]abeas relief is not sought," and "<u>THIS IS AN ACTION REQUESTING THAT THIS COURT ORDER THE PLEADINGS BE ACCEPTED FOR FILING AND ACTUALLY HEARD BY A JUDGE OF JURISDICTION</u>, let a judge rule on the case at a state level." (*Id*. at pp. 5-6) (caps and underline in original). He then argues that pursuant to 28 U.S.C. § 1651 usage of an extraordinary writ is appropriate when no other means are available. To demonstrate that no other means are available to him, Raymond alleges that he has written letters to Governor Hutchinson, Attorney General Rutledge, Respondents Ward and Shue, the clerk, and judges, and that his motions sent to the clerk were not filed and instead redirected to Ward and Shue. (*Id*. at p. 7). He contends that this Court "does have the right to order the clerk of the court to accept filings of the petitioner in Sebastian County Court and direct the Clerk to then make sure a judge gets them." (*Id*. at pp. 7-8).

In a Supplemental Allegation Pleading filed on September 17, 2018, Raymond states once more that "they prevented the filing or they diverted the filing from being heard by a judicial officer of the Criminal Court in Fort Smith, Arkansas," and "[t]his happened over a period of several months while I attempted to get a 15 year old warrant taken care of so that I could participate and

benefit from programs aimed at completing my rehabilitation and preparing me for a fair chance at SUCCESSFUL reentry." (ECF No. 15, p. 1) (caps in original).

## II. Discussion

For the reasons discussed below, this Court lacks subject matter jurisdiction to consider habeas corpus relief. Further, Raymond has not shown that he has exhausted his state remedies before filing this action, and he ultimately seeks relief for something to which he has no constitutional right. Accordingly, the undersigned recommends the dismissal without prejudice of Raymond's Petition.

### A. No Detainer — No Custody — No Jurisdiction

28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless — "he is in custody in violation of the Constitution or laws or treaties of the United States."

Where a warrant of detainer has been filed against a defendant incarcerated in another jurisdiction, the defendant is "in custody" of the detainer in the traditional habeas corpus sense. *See Becker v. Nebraska*, 310 F.Supp. 1275, 1281 (1970).

The Interstate Agreement on Detainers ("IAD") is a compact among 48 states, the District of Columbia, and the federal government which enables a participating state to gain custody of a prisoner incarcerated in another jurisdiction in order to try him or her on criminal charges. 18 U.S.C.App. § 2; *Reed v. Farley*, 512 U.S. 339, 341, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). While the IAD is a state law, see A.C.A. § 16-95-101 *et seq.* (Repl. 2016), it is a law of the United States as well, and a violation of the IAD may entitle a state prisoner to federal habeas corpus relief. *Reed*, 512 U.S. at 347.

Pursuant to the IAD, "[t]he warden, commissioner of corrections, or other official having

custody of the prisoner shall promptly inform him or her of the source and contents of any detainer lodged against him or her and shall also inform him or her of his or her right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based." A.C.A. § 16-95-101, Art. III(c) (Repl. 2016). Raymond does not allege that he has been informed by the warden in whose custody he remains that any prosecuting authority in Arkansas lodged a detainer against him. To the contrary, Raymond specifically alleges in his Petition that Chief Deputy Prosecuting Attorney Ward informed the BOP records office that while there is an outstanding arrest warrant for Raymond, "they were NOT going to place a detainer." (ECF No. 1, p. 3) (caps in original). This is confirmed in Ward's letter to Raymond dated January 26, 2018 (ECF No. 12, p. 47), and in a Detainer Action Letter bearing the handwritten notation "we don't wish to provide detainer on this individual at this time" (*Id*. at p. 17). Thus, there is no showing that Raymond is "in custody" subject to a detainer issued by the Sebastian County Prosecuting Attorney or Sebastian County Circuit Court.

Because there is no Arkansas detainer, there is no "custody" due to any action of Arkansas, no subject matter jurisdiction in this Court, and no remedy available to Raymond under §§ 2241 and 2254. *See, e.g., Bryant v. Maiorana*, 2014 WL 5093886 (N.D. Fla. 2014) ("In the absence of a detainer, the issuance of a warrant, alone, is insufficient to satisfy the 'in custody' requirement for purposes of federal habeas jurisdiction.") (internal citation omitted); *Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (holding that a dead-docketed indictment, without a detainer, does not place a federal habeas petitioner "in custody" for purposes of 28 U.S.C. § 2241); *Bancroft v. Massachusetts*, 525 F.Supp.2d 237, 242 (D.Mass.2007) (holding that habeas petitioner, who was in prison in Virginia, was not "in custody" on Massachusetts indictment for purposes of 28 U.S.C. §

2241(b)(3) where Massachusetts had not issued a detainer with Virginia authorities); and, *Wade v. Hamilton County Prosecutor's Office*, 2011 WL 5920770 (S.D. Ohio 2011) (finding no custody and no jurisdiction where no detainer was lodged).

### B. No Exhaustion of State Remedies

Although neither 28 U.S.C. § 1651 nor 28 U.S.C. § 2241 includes a statutory exhaustion requirement comparable to that found in 28 U.S.C. § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require exhaustion of all available state remedies. *See Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981) ("a petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies."). *See also Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1978) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

In order to exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). The state courts must have the first opportunity to hear the claim which is sought to be vindicated in a federal habeas proceeding. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). And, "absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction,

even though the prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636, quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 507-08, 93 S.Ct. 1123, 35 L.Ed2d 443 (1973).

"There are few reported cases in which courts have actually found the type of 'extraordinary circumstances' that allow for federal interference with ongoing, non-final, state criminal proceedings. Most of those cases involved double jeopardy claims or speedy trial issues." *Bonds v. Guntharp*, No. 4:09CV00342 JMM/HLJ, 2009 WL 3150466, at *3 (E.D. Ark. Sept. 24, 2009) (internal citations omitted). Raymond does not raise any double jeopardy claim, and his speedy trial claim fails because he has not yet been arrested on the warrant. In Arkansas, the speedy-trial period begins upon "service of summons" or on the day of "arrest," Ark. R. Crim. P. 28.2(a) (2017), neither of which have yet occurred in Raymond's case. The Sixth Amendment right to a speedy trial is also not implicated in Raymond's case because he has not yet been indicted or arrested on the Arkansas criminal charge. *See United States v. Uribe-Rios*, 558 F.3d 347, 358 n. 8 (4th Cir. 2009) ("The Sixth Amendment right to a speedy trial does not attach until indictment or arrest.").

In *Sacco v. Falke, supra*, the petitioner sought to obtain orders from a federal court to declare an Ohio indictment a nullity and to require federal and state officials to remove a detainer from their records and relieve him of its effects. The Eighth Circuit denied relief, finding that the petitioner had not exhausted his remedies in the Ohio state courts (as his only efforts of pursuing his claims were by writing letters to Ohio officials). In *Bonds v. Guntharp, supra*, a parolee was denied habeas relief regarding an absconder warrant imposed against him as he failed to exhaust state remedies. There, Bonds had attached to his petition a copy of several letters he sent to the Arkansas Post Prison Transfer Board requesting resolution of a detainer and release from parole. Despite those efforts to

obtain state relief, the Court found that Bonds failed to pursue any state-court action aimed at compelling a ruling. In the instant case, Raymond has written letters to Arkansas officials, including the Governor, Attorney General, Prosecuting Attorney, and the Clerk of the Sebastian County Circuit Court; but, unlike the circumstances in *Sacco* and *Bonds*, Raymond has also attempted to file challenges to the arrest warrant in the Sebastian County Circuit Court, only to have the Circuit Clerk refuse to file those pleadings and re-direct them to the Prosecuting Attorney. (ECF No. 12, p. 26). Raymond has, therefore, pursued exhaustion of his state remedies to a greater extent than did Sacco and Bonds, but he has still not presented his constitutional claims to the highest available state court before filing the instant action. In allowing a § 2241 action for a speedy-trial claim despite petitioner not having yet been brought to trial, the United States Supreme Court in *Braden v. 30th Judicial Circuit Court, supra*, noted that the petitioner had unsuccessfully sought a writ of mandamus in the Kentucky Supreme Court. In contrast, Raymond has not sought a writ of mandamus in the Arkansas Supreme Court. Accordingly, the undersigned concludes that Raymond has failed to exhaust state remedies prior to filing this action.

### C. No Constitutional Right to Particular Facility

As Raymond makes clear, he seeks relief from the arrest warrant so that he may be placed in a half-way house and participate in other re-entry programs offered by the BOP. "Even if [Raymond] has exhausted his state remedies, to the extent that [he] is challenging eligibility for particular BOP programs, his argument lacks merit." *Bonds v. Guntharp*, 2009 WL 3150466, at * 3 n. 1. "Numerous courts have held that prisoners have no constitutional right to a particular security classification after incarceration, or to imprisonment in a particular facility." *Id*. (internal citations omitted); *see also Morris v. McKenna*, No. C09-5345RBL/JRC, 2010 WL 725293, at *3 (W.D.

Wash. March 1, 2010) ("An inmate has no constitutional right to be housed at any particular prison or at any particular level of custody.") (internal citations omitted).

### III.  Conclusion

For the reasons and upon the authorities discussed above, Raymond is not "in custody" pursuant to any Arkansas action, and this Court lacks jurisdiction to consider habeas corpus relief. Moreover, Raymond has not shown the type of extraordinary circumstances that allow a federal court to interfere in an ongoing state criminal action.  Nor can the Court deem Raymond's mailing of letters to Arkansas officials, and his unsuccessful attempts to file challenges to the arrest warrant in the Sebastian County Circuit Court, an exhaustion of his state remedies.  Finally, Raymond does not state a cognizable constitutional claim to be placed in a particular BOP facility or be eligible for any particular BOP program.  Accordingly, it is recommended that Separate Respondents, Shue and Ward's, Motion to Dismiss (ECF No. 10) be GRANTED, and that Raymond's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 1651 (ECF No. 1) be **DISMISSED without PREJUDICE** as to all Respondents.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE